IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2021

**TONY LIGHT v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
No. 112950    Steven Sword, Judge

**No. E2020-01700-CCA-R3-PC**

The Petitioner, Tony Light, appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief from his 2017 guilty plea to attempted robbery, for which he received a four-year sentence as a Range I offender. The Petitioner contends that the post-conviction court erred by denying relief because his guilty plea was involuntarily and unknowingly entered. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Tony Light.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Randall J. Kilby, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arises from the Petitioner's August 28, 2017 negotiated guilty plea to the charged offense of attempted robbery in exchange for a four-year sentence as a Range I, standard offender.

**Guilty Plea Proceedings**

At the guilty plea hearing, the State's recitation of the facts was as follows:

. . . [O]n July 17, 2017, . . . Mr. Light and codefendants pulled into the parking lot . . . beside [the victim's] vehicle. Codefendant got out, took [the victim's]

purse from inside her vehicle, got back into the car, backed out without shutting the driver's door.

The victim came out and grabbed the purse codefendant was holding. He kept driving, dragging the victim. Then finally let go of the purse. The victim sustained some injuries.

Witnesses observed the tag number and investigation revealed that the vehicle belonged to Mr. Light's father who was living with the codefendant's mother, and Mr. Light admitted to being in the vehicle when this incident occurred.

At the guilty plea hearing, the twenty-eight-year-old Petitioner stated that he had completed the eleventh grade, could read and write, and had not consumed any substance that might affect his ability to think. He stated that he understood the terms of the plea agreement, which the trial court reviewed with him. The court informed the Petitioner of the State's burden of proof at a trial, and the Petitioner stated he understood. The court reviewed the signed waiver of rights form with the Petitioner, and the Petitioner said that he had read it and had reviewed it with defense counsel. The Petitioner said he understood he had the rights to plead not guilty, to a jury trial, to have appointed counsel during the trial court proceedings, to confront and cross-examine witnesses, to present defense witnesses, and to remain silent. The Petitioner said that he was pleading guilty voluntarily and that he understood the contents of the waiver of rights form. The Petitioner said that he did not have any questions about the agreement and that he was satisfied with counsel's representation. The Petitioner understood that by pleading guilty he agreed to the factual basis for the conviction as outlined by the prosecutor and that the conviction could be used against him in the future.

On May 3, 2018, the Petitioner filed a post-conviction petition, alleging that his guilty plea was involuntarily and unknowingly entered. Post-conviction counsel was appointed, and he filed an amended petition for relief on July 12, 2019.

**Post-Conviction Proceedings**

The Petitioner testified that after he was charged with attempted robbery in the general sessions court, he worried his previous convictions would impact the outcome of this case. He said that defense counsel explained the elements of the charged offense and discussed possible defenses. He said that counsel explained that the severity of the victim's injuries could impact the sentence length and that he did not want to "try the State over the matter." He said, though, that after he arrived at the prison, he began to think he was being confined unlawfully because he had only been a passenger inside the vehicle. He said the victim identified him as the passenger. He said that he decided not to take the case to trial

but that he did not know counsel could have spoken to the victim to inquire about her injuries.

The Petitioner testified that he admitted being a passenger inside the vehicle at the time of the offense. He denied, though, that he and defense counsel discussed the concept of criminal responsibility for the conduct of the codefendant. He said that he and counsel discussed the plea offer of four years at 30% service and that counsel said he faced a possible sentence of fourteen to sixteen years, depending upon the severity of the victim's injuries. He understood that he could have been indicted for a more serious offense based upon the victim's injuries and said that this was the only reason he pleaded guilty to attempted robbery. He understood that the four-year sentence would be served consecutively to another sentence and said that he had been on parole at the time of the present offense. He said that although he had been scared, he wanted to proceed to a trial on the theory that he was simply a passenger and did not participate in the offense. The Petitioner stated counsel told him that the decision to accept the plea offer or to proceed to a trial belonged to him. He said that although he was not guilty, he pleaded guilty because of the victim's injuries and because he had been in the vehicle.

The Petitioner testified that he was serving a sentence for an offense he did not commit and that he needed to defend himself. He recalled that defense counsel told him that he could be convicted even if he were only a passenger in the vehicle but said that he did not remember the details of the discussion. He said that ultimately, he accepted the plea offer in order to "get [his] time over with," rather than spend months in jail defending the charge. Although he said that he learned new information about the law since going to prison, he said later that he simply wanted to defend himself and proceed to a trial. He did not think, however, that counsel provided him with incorrect advice or should have done something differently.

The Petitioner testified that he had previous convictions for robbery, to which he confessed, and an unspecified felony. He said that he and defense counsel discussed his potential sentencing range based upon his previous convictions.

Defense counsel testified that she began her representation of the Petitioner in general sessions court and that initially, she considered an identity defense because she was unsure whether the State would argue that the Petitioner was the driver, which the Petitioner denied. Counsel said that around the time of the preliminary hearing, she learned the victim would identify the Petitioner as a passenger and that, as a result, her discussions with the Petitioner shifted to criminal responsibility and facilitation. Counsel said that the Petitioner provided a statement to the police, the contents of which she did not know, and that she anticipated the State's theory would be that the Petitioner had provided the vehicle used during the robbery and agreed to go to the location of the robbery. She recalled she and the Petitioner discussed that if he agreed to share in the proceeds of the robbery, he was criminally responsible for the codefendant's conduct. She recalled that she told the

Petitioner that he had been "vastly undercharged" with attempted robbery and that the information contained in the arrest warrant showed that a robbery had been completed. Counsel said that she considered a possible "mere presence" defense but that this defense was "undercut" by the fact that the vehicle used during the offense belonged to the Petitioner's father. She said that she and the Petitioner discussed a potential indictment charge for aggravated robbery because a robbery had been completed, the victim was elderly, and the victim had been treated at a hospital.

Defense counsel testified that she obtained the Petitioner's previous felony convictions, which included robbery and "contraband." She said that the Petitioner was a Range II offender for sentencing purposes and that she advised the Petitioner that he faced a possible sentence of twelve to twenty years at 85% service if he were indicted and convicted of aggravated robbery. She said that she explained to the Petitioner she would proceed to a trial if the Petitioner wanted but that he risked a lengthy sentence if the State obtained an indictment and a conviction for a more serious offense. She said that her discussions with the Petitioner were based upon the limited information she had learned in the general sessions proceedings, that she had not reviewed his police statement, and that she did not know if a basis existed to have the statement suppressed. She recalled, though, that the Petitioner did not call 9-1-1 and did not "independently report[] what he saw."

Defense counsel testified that she explained the elements of attempted robbery, robbery, and aggravated robbery and that she explained the concept of criminal responsibility. She said that at the time of guilty plea hearing, she had not reviewed the Petitioner's police statement. She said, though, she explained to him that she could not guarantee the State would not charge him with aggravated robbery and that it would be problematic for his defense if he told the police he would benefit from the robbery or knew the robbery was about to occur. Counsel said that upon hearing this advice, the Petitioner accepted the plea offer. She said that she told the Petitioner on the day of the guilty plea hearing that if he were convicted of attempted robbery after a trial, he would be sentenced as a Range II offender and would receive a sentence between four and eight years. She said that she advised the Petitioner the decision to accept or reject the offer belonged to him and that ultimately, he pleaded guilty "as a means to just get this over with" and because he had been on parole when the present offense occurred. She said that she advised the Petitioner that the parole violation would not be addressed until the present case was resolved and that, based upon the court calendar, a trial would not occur for another six to nine months.

On cross-examination, defense counsel testified that the Petitioner appeared to understand her advice and the criminal process. She said that she felt the Petitioner had a "very good understanding" of his situation. She said that at the guilty plea hearing, the Petitioner did not hesitate or show signs of second thoughts, although he expressed some hesitation before the hearing began. She said that they spoke for about fifteen minutes, that she told him he could proceed to a trial, and that she said she could reschedule the

guilty plea hearing in order for them to further discuss his options. She said that the Petitioner declined to move for a continuance and wanted to plead guilty. She said that during the course of her representation, she told the Petitioner approximately ten times that she would proceed to a trial.

After receiving the proof, the post-conviction court denied relief. The court credited the testimony of the Petitioner and defense counsel. The court found that the Petitioner was "straightforward" in his reasons for pleading guilty but later thought he "stood a better chance than he initially thought of winning had he gone to trial." The court found that counsel investigated the case, although the plea agreement was reached in the general sessions court. The court found that counsel developed potential defenses based upon the information she obtained and discussed those theories with the Petitioner. The court found that the Petitioner had previous dealings with the criminal justice system based upon his previous criminal convictions. The court found that the Petitioner and counsel discussed the case, his potential sentencing exposure, and the potential defenses on multiple occasions. The court found that the Petitioner had been advised of his available options.

The post-conviction court found that defense counsel provided the Petitioner with "extensive advice" and that counsel told the Petitioner multiple times that the decision to accept or to reject the plea offer belonged to the Petitioner. The court found that the Petitioner wanted to plead guilty to avoid a greater sentence after a trial and that he wanted to resolve his case to avoid spending months in jail awaiting trial. The court found that if the case had been prosecuted as an aggravated robbery, the Petitioner's sentencing exposure was significantly higher than the four-year sentence at 30% service he received. The court determined that the Petitioner was informed fully and knew what he was doing when he pleaded guilty. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

The Petitioner contends that the post-conviction court erred by denying relief because his guilty plea was involuntarily and unknowingly entered. He asserts that he did not comprehend fully all of the considerations involved in deciding whether to accept or to reject the plea offer. The State responds that the post-conviction court did not err by denying relief. We agree with the State.

-5-

The Supreme Court has concluded that a guilty plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A trial court must examine in detail "the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969); *see Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). Appellate courts examine the totality of circumstances when determining whether a guilty plea was voluntarily and knowingly entered. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). A guilty plea is not voluntary if it is the result of "[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats." *Boykin*, 395 U.S. at 242-43; *see Blankenship*, 858 S.W.2d at 904. A petitioner's representations and statements under oath that his guilty plea is knowing and voluntary create "a formidable barrier in any subsequent collateral proceedings [because] [s]olemn declarations . . . carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The record reflects that the Petitioner entered a knowing, intelligent, and voluntary guilty plea. The guilty plea hearing transcript reflects that, upon questioning by the trial court, the Petitioner did not express concern about defense counsel's competence and did not inform the trial court that he felt coerced into pleading guilty. The Petitioner told the court that he understood the plea agreement and the rights he waived by pleading guilty, that he was satisfied with counsel's performance, and that he was pleading guilty voluntarily. The Petitioner, likewise, acknowledged that by pleading guilty he agreed to the factual basis for the conviction as outlined in the State's recitation of the facts.

The record, likewise, reflects that the Petitioner admitted at the post-conviction hearing that he pleaded guilty because he understood he could have been charged with a more serious offense based upon the victim's injuries. Defense counsel's undisputed testimony showed that the Petitioner had been undercharged with attempted robbery and could have been indicted for more serious offenses, including robbery and aggravated robbery, and that he would have been sentenced after a trial as a Range II offender based upon his criminal history. The Defendant received a four-year, Range I sentence at 30% service. The record supports the post-conviction court's determination that the Petitioner entered a knowing, intelligent, and voluntary guilty plea. The Petitioner is not entitled to relief on this basis.

The judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE